AO 106 (Rev. 04/10)  Application for a Search Warrant

**FILED**
U.S. District Court
District of Kansas

# UNITED STATES DISTRICT COURT

JUL 2 2019

for the

District of Kansas

Clerk, U.S. District Court

By _DEC_ Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the premises and devices located at the
camper-trailer and shelter currently at Lake Afton
Campsite 41, Sedgwick County, Kansas

)
)
)
)
)
)

Case No. 19-G102

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the _____ District of _____ Kansas _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252/2252A | Transportation, Distribution, Receipt, Possession of Child Pornography |

The application is based on these facts:

See Attached Affidavit of Probable Cause.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Applicant's signature_

Todd R. DiCaprio, Special Agent, FBI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 2 July 19 @ 11:24 a.m.

_Judge's signature_

City and state:  Wichita, KS

The Honorable Gwynne E. Birzer
_Printed name and title_

IN THE MATTER OF THE SEARCH OF
THE PREMISES AND DEVICES
LOCATED IN AND AT THE
CAMPER-TRAILER AND SHELTER
CURRENTLY AT  LAKE AFTON
CAMPSITE 41, KANSAS

Case No. _____

**Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Todd R. DiCaprio, Special Agent of the Federal Bureau of Investigation, being first

duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for a camper-

trailer and shelter currently at Lake Afton Campsite 41 (Kansas), more specifically identified in

Attachment A, Description of Property to be Searched.

2.      I have been employed as a Special Agent of the FBI since October 2007 and am

currently assigned to the FBI Kansas City Division, Wichita Resident Agency.  As a Special Agent

of the FBI, I am authorized to investigate violations of laws of the United States, and I am a law

enforcement officer with authority to execute arrest and search warrants under the authority of the

United States, including violations of Title 18, United States Code §§ 2252 and 2252A. I have

participated in a wide variety of criminal investigations, to include violent crime, crimes against

children, major theft, and other federal crimes. I have participated in the preparation and execution

of many search warrants, including, but not limited to, those involving the sexual exploitation of

minors and certain activities relating to material constituting or containing child pornography.

3.      This affidavit is intended to show merely that there is sufficient probable cause

for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2252 and 2252A have been committed by JOHNNY DEAN HOPKINS and others unknown.  There is also probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A are located within the premises identified in Attachment A.  I am requesting authority to search the premises identified in Attachment A, including authority to open sealed and/or locked containers within the premises and any and all other compartments and/or containers within the premises where the items specified in Attachment B may be found and to seize all items listed in Attachment B as instrumentalities, fruits and evidence of criminal activity.

## **PROBABLE CAUSE**

5.      This investigation begins with a report submitted by Dropbox.com (Dropbox). Dropbox is a service that allows its users to store files on Dropbox's servers.

    a.   According to Dropbox's privacy policy, at https://www.dropbox.com/privacy, in regards to Account Information "We collect, and associate with your account, the information you provide to us when you do things such as sign up for your account, upgrade to a paid plan, and set up two-factor authentication (like your name, email address, phone number, payment info, and physical address).  Some of our Services let you access your accounts and your information via other service providers."  In addition, Dropbox services "are designed to make it simple for you to store your files, documents, photos, comments, messages, and so on ("Your Stuff"), collaborate with others, and work across multiple devices.  To make that possible, we store, process, and transmit Your Stuff as well as information related to it.  This related information includes your profile information that makes it easier to collaborate and share Your Stuff with others, as well as things like the size of the file, the time it was uploaded, collaborators, and usage activity."

    b.   The Dropbox privacy policy further provides, in regards to Usage Information, "We collect information related to how you use the Services, including actions you take in your account (like sharing, editing, viewing, and moving files or folders)."  In regards to Device Information, the Dropbox privacy policy provides "We also collect information from and about the devices you use to access the Services.  This includes things like IP addresses, the type of browser and device you use, the web page you visited before coming to our sites, and identifiers associated with your

devices.  Your devices (depending on their settings) may also transmit location information to the Services."

c.   In order to create a Dropbox account, a user is required to register with an email address. Once registered, each user is assigned a unique user id.  Dropbox communicates with users via stored email accounts on file when users access and make changes to their accounts unless the user opts-out of those emails. To sign into the user's Dropbox account, the user enters their email and password. Once a user has a Dropbox account, they can invite other Dropbox users to access their shared folders. A shared folder is one in which more than one user has access to, and can add, download or delete content.  If a user joins another user's shared folder, the shared folder size counts towards the first user's space limitation. If a user is invited to join another user's folder, the invitation request is sent to the registered email account.

d.   Once a Dropbox account is created, files may be added to the account.  Any files added to a Dropbox account will sync across all the computers, phones, and tablets where a user installed Dropbox.

6.      In October 2018 Dropbox submitted a CyberTipline report to the National Center for Missing and Exploited Children (NCMEC), report number 41401889, regarding ten images and seventy-seven (77) videos depicting apparent child pornography being uploaded to a Dropbox account.  Dropbox identified the account as:

> Screen Name: Johnny Hopkins;
> ESP User Identifier: 498857433;
> Email address: jhopkins838@gmail.com.

As part of its report, Dropbox also included the uploaded depictions, which it indicated it had reviewed. The uploaded videos and images included examples of known depictions of child pornography including:

a.   6ce3ab96-6e0a-4169-99ec-d557d39e77eb.mp4 – A thirty-two second video of a pre-pubescent female, fully naked in a bathroom, performing oral sex on a male penis until it ejaculates on her face and in her mouth.

b.   3205032a-ef2b-4c8e-9a2d-f1d674645f87.mp4 – A sixty-two second video depicting a pre-pubescent female, naked from the waist down with her genitalia fully exposed, with the left hand of an unknown adult digitally penetrating and masturbating/manipulating her vagina.

    c.    c7e345e6-6473-4940-956b-1bcac79efb22.mp4 – A one minute, thirty-seven second video depicting a pre-pubescent male and female, fully naked, in a tub.  The pre-pubescent female uses her left hand to rub and pull the penis of the pre-pubescent male in the tub with her.

    d.    100_2024.jpg – A picture depicting a naked pre-pubescent female, with her breasts and genitalia exposed, kneeling on a floor while bending backwards with her arms stretched over her head.

7.    In November 2018 a subpoena was served to Dropbox seeking information pertaining to the above account. In November 2018, Dropbox responded to the subpoena request with the following information:

Name: Johnny Hopkins
Email: jhopkins838@gmail.com
User ID: 498857433
Current Account Status: Disabled

Dropbox also provided a spreadsheet showing Authentication Information and Mobile Information as follows:

```
        Authentication Information
+--------------------------+--------------+
| TIMESTAMP (UTC) | IP |
+--------------------------+--------------+
| 2018-05-08 03:07:28 GMT | 107.77.173.7 |
| 2018-05-16 07:20:24 GMT | 107.77.173.8 |
| 2018-05-16 11:32:05 GMT | 107.77.173.8 |
| 2018-07-28 00:55:30 GMT | 107.77.173.8 |
| 2018-09-04 06:14:30 GMT | 107.77.173.1 |
+--------------------------+--------------+
Mobile Information
+--------------------------+----------------+----------------+------------------+
| TIMESTAMP (UTC) | IP | MODEL | CARRIER |
+--------------------------+----------------+----------------+------------------+
| 2018-05-07 10:25:33 GMT | 107.77.173.10 | Z965 | cricket |
| 2018-06-28 05:37:01 GMT | 107.77.173.9 | SPH-L710 | Sprint |
| 2018-09-06 05:05:10 GMT | 107.77.173.6 | Z965 | cricket |
+--------------------------+----------------+----------------+------------------+
```

8.    In November 2018, a subpoena was served to Google seeking information pertaining to email address jhopkins838@gmail.com.  In November 2018, Google responded to the subpoena request with the following information:

Name: Johnny Hopkins
Email: jhopkins838@gmail.com
Services: Android, Gmail, Google Calendar, Google Chrome Sync, Google Cloud Print, Google Docs, Google Drive, Google Groups, Google Hangouts, Google Keep, Google My

Maps, Google Payments, Google Photos, Google Play, Google Play Music, Google URL Shortener, Google+, Has Google Profile, Has Plusone, Location History, Profiles, Wallet Transfer, Web & App Activity, YouTube
Recovery e-Mail: Hoppy52_7@hotmail.com
Recovery Email: Hoppy52_7@hotmail.com
Created on: 2012/11/19-18:18:42-UTC
Terms of Service IP: 69.171.162.151, on 2012/11/19-18:18:42-UTC
SMS: +13168074913 [US] = AT&T Wireless
Google Account ID: 929567086602
Last Logins: 2018/11/06-08:19:48-UTC, 2018/11/03-12:34:14-UTC, 2018/11/01-18:44:50-UTC

9.     In November 2018, a subpoena was served to AT&T seeking information pertaining to telephone number 316-807-4913 (the SMS number associated with the Google account).  In response to the subpoena request, AT&T provided the following information:

A40328329

                                   CRICKET

11/26/2018
                        WIRELESS
                SUBSCRIBER INFORMATION
-----------------------------------------------------------------------------
531435932

-----------------------------------------------------------------------------
FINANCIAL LIABLE PARTY

Name: JOHNNY HOPLINS
Credit Address: 9178 YORK CT, HAYSVILLE,KS 67060

Activation Date: 04/02/2018

Contact Name: JOHNNY HOPLINS
Contact Home Phone:          Contact Work Phone:

-----------------------------------------------------------------------------
BILLING PARTY

Account Number: 531435932
Name: JOHNNY HOPKINS
Billing Address: 9178 YORK CT, HAYSVILLE,KS 67060
Account Status: OPEN          Billing Cycle: 2

---------------------------------------------------------------------------
USER INFORMATION

MSISDN: (316) 807-4913          IMSI: 310150713498185
MSISDN Active: 04/02/2018 - Current
MSISDN Status: Active
Name: JOHNNY HOPLINS
User Address: 9178 YORK CT , HAYSVILLE, KS 67060
Service Start Date: 04/02/2018       Dealer Info: 70189336
Payment Type: Prepaid
Contact Name: JOHNNY HOPLINS
Contact Home Phone:          Contact Work Phone:
Migration Ind: N             Migration Date:

---------------------------------------------------------------------------
LDS

CRICKET PROPRIETARY
  The information contained here is for use by authorized person only and is not for general
distribution.

10.     In January 2019, and again in April 2019, a preservation letter was submitted to

Dropbox requesting the preservation of any and all records, for a period of 90 days, for the

following account:

        Screen Name: Johnny Hopkins
        Email Address: jhopkins838@gmail.com and
        ESP User Identifier: 498857433

11.     A query of the NCMEC database yielded an additional CyberTipline Report, report

16915584, submitted by Dropbox in January 2017, which revealed the following:

        Email address: hoppy52_7@hotmail.com[1]
        Screen Name: Johnny Hopkins
        ESP User Identifier: 491640145

---

[1] This is the same recovery email annotated in Paragraph 8

12.     Open source research for telephone number 316-807-4913 revealed the following social media accounts:

    a.  Skype:

        • User Name: hoppy5221

        • Display Name: johnny Hopkins

        • DOB: 10/23

        • Location: Haysville, United States

    b.  Twitter:

        • User ID: 4200673634

        • User name: HopkimsJohnny

        • Display Name: Johnny Hopkins

        • Location: Kansas, USA

    c.  Facebook:

        • User ID: 100013840416916

        • Display Name: John Hopkins

        • Aliases: Nickname: Hoppy

        • DOB: October 23, 1957

        • Gender: Male

        • Location: Current City: Haysville, Kansas

        • Website: https://www.facebook.com/profile.php?id=100013840416916

    d.  Google:

        • User ID: 100013562654991235504

        • Display Name: Johnny Hopkins

- Website: https://plus.google.com/+JohnnyHopkins

13.    A database search for information related to 9178 York Court, Haysville, Kansas 67060 revealed the following:

    a.  Name: Johnny Dean Hopkins

    b.  DOB: 10/23/1957

    c.  SSN: 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

    d.  Address: 9178 York Ct, Haysville, Kansas 67060 (Mar 2014 – Mar 2019)

14.    A driver's license check, conducted in May 2019, for JOHNNY HOPKINS, date of birth October 23, 1957, revealed the following:

    a.  Name: JOHNNY DEAN HOPKINS

    b.  DOB: October 23, 1957

    c.  Address: 9178 S York Ct, Haysville, KS 67060

    d.  Driver's License Number: K02494862

    e.  Status: Suspended

15.    A criminal history check, conducted in May 2019, for JOHNNY HOPKINS revealed a criminal history, FBI number 275856V5, with arrests for felony theft, driving under the influence, driving violations, and possession of drug paraphernalia.

16.    In May 2019  a search warrant was served to Dropbox for information associated with the following account:

Name: Johnny Hopkins
Email: jhopkins838@gmail.com
User ID: 498857433

17.     In June 2019, pursuant to the aforementioned search warrant, Dropbox provided a

64GB flash drive containing information responsive to the request.  Included with the response

from Dropbox was a document titled "user_info" which revealed the following information:

Name: Johnny Hopkins
Email: jhopkins838@gmail.com
User ID: 498857433
Joined: Sun, 06 Dec 2015 15:32:21 GMT
Current Account Status: Disabled
Subscription Status: Free

Authentication Information

| TIMESTAMP (UTC) | IP |
|---|---|
| 2017-07-31 04:48:52 GMT | |
| 2017-08-17 12:23:45 GMT | |
| 2018-04-21 07:52:23 GMT | 107.77.173.5 |
| 2018-05-08 03:07:28 GMT | 107.77.173.7 |
| 2018-05-16 07:20:24 GMT | 107.77.173.8 |
| 2018-05-16 11:32:05 GMT | 107.77.173.8 |
| 2018-07-28 00:55:30 GMT | 107.77.173.8 |
| 2018-09-04 06:14:30 GMT | 107.77.173.1 |

Mobile Information

| TIMESTAMP (UTC) | IP | MODEL | CARRIER |
|---|---|---|---|
| 2016-07-03 07:14:00 GMT | 173.108.91.134 | MotoE2(4G-LTE) | unknown |
| 2016-11-14 11:23:14 GMT | 66.87.72.110 | SPH-L720 | Sprint |
| 2017-01-25 08:13:42 GMT | 173.127.164.150 | SPH-L710 | Sprint |
| 2017-03-17 10:13:48 GMT | 66.87.152.105 | SPH-L720 | Sprint |
| 2017-03-19 06:54:47 GMT | 173.108.215.66 | SPH-L720 | Sprint |
| 2017-10-20 09:11:43 GMT | 107.77.173.8 | RCT6213W87DK | unknown |
| 2017-11-20 21:10:58 GMT | 107.77.173.12 | HTCD160LVW | Verizon Wireless |
| 2018-05-07 10:25:33 GMT | 107.77.173.10 | Z965 | cricket |
| 2018-06-28 05:37:01 GMT | 107.77.173.9 | SPH-L710 | Sprint |
| 2018-09-06 05:05:10 GMT | 107.77.173.6 | Z965 | cricket |

18.    Also included with the information provided by Dropbox was a document titled

"Shared_Folder_Log" which revealed the following information:

**Folder name:** Looking for love at first site and my soulmate
**Namespace ID:** 1099198130
**Mount status:** Mounted

| When | Who | Action | Extra info |
|------|-----|--------|-----------|
| 12/22/15 23:40:56 | jhopkins838@gmail.com | joined | |

**Folder name:** Yellow
**Namespace ID:** 1172545299
**Mount status:** Mounted

| When | Who | Action | Extra info |
|------|-----|--------|-----------|
| 03/14/16 11:41:52 | jhopkins838@gmail.com | invited | rubia8364@bracmail.com |
| 03/14/16 11:41:51 | jhopkins838@gmail.com | created from existing | |

**Folder name:** ▊◆ ♥My First time♥ Please Respons me♥◆▊
**Namespace ID:** 1092773594
**Mount status:** Unmounted

| When | Who | Action | Extra info |
|------|-----|--------|-----------|
| 12/20/15 08:13:17 | jhopkins838@gmail.com | left | |
| 12/15/15 07:28:21 | jhopkins838@gmail.com | joined | |
| 2/14/15 08:59:01 | girldf65262@outlook.com | invited | jhopkins838@gmail.com |

**Folder name:** Looking for a men, not a boy
**Namespace ID:** 1095795422
**Mount status:** Unmounted

| When | Who | Action | Extra info |
|------|-----|--------|-----------|
| 12/20/15 08:15:46 | jhopkins838@gmail.com | left | |
| 12/17/15 23:12:56 | jhopkins838@gmail.com | joined | |

19.    According to Dropbox, "Mounted" and "Unmounted," with respect to Mount Status

means the following:

   a.   "Mounted" - refers to the status of a shared folder as it pertains to the user in
        question. If a folder is mounted, it will appear as part of that user's Dropbox.

   b.   "Unmounted" - means that it is not technically part of their Dropbox folder and will
        not appear as part of their Dropbox folder, but it is possible that they still have

access to the folder. A file or folder could be unmounted for several reasons - the user could have left the folder at some point after joining, the folder was deleted, or they had access to the folder but never mounted the folder into their Dropbox.

20.     Of the four folders identified in the "Shared_Folder_Log" in Paragraph 17, the folders titled "Yellow" and "Looking for love at first site and my soulmate" were both provided as part of the content for the account belonging to HOPKINS.  There were no items located in the "Looking for love at first site and my soulmate" folder.  The "Yellow" folder contained six videos, including the following:

    a. 0b44e09d-2e16-40db-9bab-c010fddcb441 - A 52 second video depicting a naked pre-pubescent female performing oral sex on an unknown male;

    b. 654316f4-73d8-4237-b775-b548c18e744c - An 11 second video depicting an unknown male ejaculating on the face of a topless, pre-pubescent female.

21.     A total of fifty folders and fifteen separate items were included in the Dropbox response to the May 2019 search warrant.  A review of the folders includes, but is not limited to, the following folders of interest:

    a. "76 photos and 14 videos copied on April 22, 2017" - Folder contains seventy-six photos and fourteen videos;

    b. "boy teen man" - Folder contains twenty-one videos and sixteen pictures, including:
   - received_112564645843512.jpeg - A picture depicting a male penis being held by an unknown hand;
   - received_1683333185252021.jpeg - A picture depicting a male penis

    c. "boyzz" – Folder contains twelve videos and one picture, including:
   - 2 boys 10 and 11 show ass and feet (SC 2011)
   - 11yo boy with long hair plays with his dick and sucks toes (SC 2011)
   - 13yo black boy shows dick, some butt and feet (SC 2011)
   - Blake (12yo) (November 23, 2011)

    d. "Camera Uploads" – Folder contains eighty-two pictures and five videos, including:
   - 2016-03-09 18.18.58.3gp – A twenty-two second video of an unknown male masturbating
   - 2016-03-15 08.52.23.jpg – A female of unknown age performing oral sex on an unknown male penis.  The photograph was taken with a Samsung

model SPH-L710 phone.  It should be noted multiple photographs of the aforementioned female were located in the folder, including photographs wherein at least two upper teeth are missing and the individuals breasts are exposed

- 2016-03-15 16.03.14.jpg – A picture of the sign for the RELAX INN.  The photograph was taken with a Samsung model SPH-L710 phone.  The RELAX INN is located on S. Broadway Avenue in Wichita, Kansas
- 2016-03-26 16.45.48.jpg – A "selfie" picture of an individual matching the physical description of JOHNNY DEAN HOPKINS taken with a Samsung model SPH-L710 phone.
- 2016-03-26 16.45.48.jpg – A picture of the Charles Koch arena taken with a Samsung model SPH-L710 phone.
- 2016-06-13 21.18.40.jpg – A picture depicting a light-colored bumper pull camper/trailer with a brown horizontal stripe taken with a Samsung SPH-L710 phone.
- 2016-07-16 18.41.03.jpg – A picture depicting a pre-pubescent female in a bathing suit with her stomach exposed taken with a Samsung SPH-L720 phone.
- 2016-07-16 18.41.48.jpg – A close-up picture of the crotch of the aforementioned pre-pubescent female taken with a Samsung SPH-L720 phone.

22.     On June 25, 2019 a physical surveillance of the residence located at 9178 York Court, Haysville, Kansas produced the following observations:

    a.  A white in color pickup truck with Kansas license plate 693 KPF parked in the driveway.  A license plate check revealed the following registration information:
- 1998 GMC pickup truck registered to JOHNNY DEAN HOPKINS, 9178 York Court, Haysville, Kansas 67060-7413

    b.  Two bumper-pull style camper/trailers were observed parked in the side yard of the RESIDENCE.  One camper was light-colored with a brown, horizontal stripe.

23.     On June 28, 2019, FBI obtained a search warrant for the residence and devices located at 9178 York Court, Haysville, Kansas (19-6099-GEB).

24.     On July 2, 2019, agents executed the above-referenced search warrant. At the scene, agents interviewed residents and learned:

    a.  JOHNNY DEAN HOPKINS used the residence as a permanent mailing address, but otherwise lived in a camper-trailer, currently located near Lake Afton.

b. HOPKINS' most recent phone was damaged or lost one week prior when it was dropped in a lake, and that HOPKINS tends to go through multiple phones because he often damages them.

c. HOPKINS is currently using his girlfriend's phone.

d. HOPKINS will park his camper-trailer next to a shelter, covering the space between with a tarp so as to expand his living space.

25.    Agents went to Lake Afton and located HOPKINS' camper-trailer at campsite 41. It was pulled next to a shelter, enclosed with tarps.

26.    Agents approached and made contact with HOPKINS. After agents identified themselves, HOPKINS identified himself and agreed to speak with agents. He confirmed his email address was jhopkins838@gmail.com. He advised he had a broken phone in the shelter and a phone at the bottom of Lake Afton. He identified the child (referenced in paragraph 21(d) in the images titled 2016-07-16 18.41.03.jpg and 2016-07-16 18.41.48.jpg) as a family member. He identified (by first name) another individual (referenced in paragraph 21(d) in the images titled 2016-03-15 08.52.23.jpg). All of those images were located in the Dropbox account in the Camera Uploads folder.

### CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

27.    Based on my training and experience, I have learned the following regarding child pornography offenders:

a.    The majority of individuals who collect child pornography are persons who have a sexual attraction to children.  They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature.

b.    The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video

tapes, books, slides, computer graphics or digital or other images for their own sexual gratification.  The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography but which nonetheless fuel their deviant sexual fantasies involving children.

c.   The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support.   This contact also helps these individuals to rationalize and validate their deviant sexual interest and associated behavior.  The different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles.

d.   The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writings, in hard copy or digital medium, on the subject of sexual activities with children as a way of understanding their own feelings toward children, justifying those feelings and finding comfort for their illicit behavior and desires.  Such individuals rarely destroy these materials because of the psychological support they provide.

e.   The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests.  These contacts are maintained as a means of personal referral, exchange or commercial profit.  These names may be maintained in the original medium from which they were derived, in telephone books or notebooks, on computer storage devices, or merely on scraps of paper.

f.   The majority of individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft, and damage their collections of illicit materials.  They almost always maintain their collections in the privacy and security of their homes or other secure location.

28.   Affiant asserts HOPKINS appears to share many of these characteristics, including collecting child pornography, organizing it, maintaining it in a password-protected (secure) environment, and engaging other like-minded individuals (as noted in the invites discussed in paragraph 18).

## BACKGROUND ON SEARCHES OF COMPUTERS

29.     The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography.  The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years.  These drives can store thousands of images at very high resolution.

30.     The Internet and its World Wide Web afford collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion.

31.     Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo! and Hotmail, among others.  The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats.  A user can set up an online storage account from any computer with access to the Internet.  Evidence of such online storage of child pornography is often found on the user's computer.  Even in cases where online storage is used, however, evidence of child pornography can be found on the user's computer in most cases.

32.     As is the case with most digital technology, communications by way of computer can be saved or stored on the computer used for these purposes.  Storing this information can be intentional, i.e., by saving an e-mail as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files.  Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others).  In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used.  A forensic examiner often can

recover evidence suggesting whether a computer contains peer to peer software, when the computer was sharing files, and some of the files which were uploaded or downloaded. Such information is often maintained indefinitely until overwritten by other data.

33.     Searches and seizures of evidence from computers commonly require agents to download or copy information from the computers and their components, or seize most or all computer items (computer hardware, computer software, and computer related documentation) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following:

a.  Computer storage devices (like hard disks, diskettes, CDs, and others) can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names. This requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks, depending on the volume of data stored, and it would be generally impossible to accomplish this kind of data search on site; and

b.  Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data.

c.  The search of a computer system is an exacting scientific procedure which is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

34.     In order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the central processing unit (CPU). In cases involving child pornography where the evidence consists partly of graphics files, the monitor(s) may be essential for a thorough and efficient search due to software and hardware configuration issues. In addition, the analyst needs all the system software (operating systems or interfaces, and hardware drivers)

and any applications software which may have been used to create the data (whether stored on hard drives or on external media).

35.    In addition, there is probable cause to believe that the computer and its storage devices, the monitor, keyboard, and modem are all instrumentalities of the crime(s), within the meaning of 18 U.S.C. §§ 2252 through 2256, and should all be seized as such.

36.    The search procedure of electronic data contained in computer hardware, computer software, and/or memory storage devices may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

a.    examination of all of the data contained in such computer hardware, computer software, and/or memory storage devices to view the data and determine whether that data falls within the items to be seized as set forth herein;

b.    searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

c.    surveying various file directories and the individual files they contain;

d.    opening files in order to determine their contents;

e.    scanning storage areas;

f.    performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment B; and/or

g.    performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment B.

## CONCLUSION

37.    In consideration of the foregoing, your Affiant respectfully requests that this Court issue a search warrant for the search of the camper-trailer and shelter currently at Lake Afton

Campsite 41, being more specifically described in **Attachment A** which is incorporated by reference as if fully set forth herein, authorizing the seizure and search of the items described in **Attachment B** herein.

## REQUEST FOR SEALING

38.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.  I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time.  Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums.  Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Todd R. DiCaprio
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on June 2, 2019.

Gwynne E. Birzer
United States Magistrate Judge

Page **18** of **18**

## **ATTACHMENT A**

**Description of premises to be searched:** A camper-trailer and shelter currently at Lake Afton

Campsite 41 (Kansas), depicted in the following photos.







**ATTACHMENT B**

**LIST OF ITEMS TO BE SEIZED**

1.    Any and all child pornography (as defined in 18 U.S.C. § 2256(8)), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), or child erotica, in any format or medium, including computer files, prints, negatives, drawings, and paintings.

2.    Any and all computer devices (including desktops, laptops, tablets, smartphones, as well as the hardware, peripherals, software, computer related documentation, passwords and data security devices, and storage devices), including the software or programs or applications contained therein, that may be or are used to:

    a.  distribute, receive, possess or access child pornography or visual depictions of minors engaged in sexually explicit conduct;

    b.  seek, obtain, store, or record information pertaining to the sexual exploitation of children or otherwise relate to an interest in child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children;

    c.  communicate with any other person regarding child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children;

and any and all data or information on the device which may relate to subparagraphs 2a, 2b, and 2c, including data or information that may reveal indicia of ownership, access, or use.

3.    Any and all notes, documents, records, correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, diaries, manifestos, manuals, email messages, chat logs and electronic messages, and handwritten notes) pertaining to child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children, and to include any and all data or records that may reveal indicia of creation, use, or ownership of the notes, documents, records, or correspondence.

4.    Any and all cameras, film, videotapes or other photographic equipment, which may be used to contain, create or duplicate child pornography, visual depictions of minors engaged in sexually explicit conduct, or child erotica.

5.    Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, email messages, chat logs and electronic messages, and other digital data files), pertaining to occupancy or ownership of the premises described above, including, but not limited to, rental or lease agreements,

mortgage documents, rental or lease payments, utility and telephone bills, mail envelopes, or addressed correspondence.

6.      Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, email messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider.

7.      Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, email messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

8.      Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, email messages, chat logs and electronic messages, and other digital data files) that concern encryption, deletion, or destruction of evidence.

9.      Any and all visual depictions of minors that may assist in the identification of minors depicted in images of child erotica or child pornography.